UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

**JUDGE KAPLAN**

07 CIV 5736

SHINDER, ALEKSANDR

                              Plaintiff,

— against —

MICHAEL CHERTOFF, SECRETARY OF U.S, DEPARTMENT OF HOMELAND SECURITY, ALBERTO GONZALEZ, U.S. ATTORNEY GENERAL, EMILIO GONZALEZ, DIRECTOR OF U.S. CITIZENSHIP & IMMIGRATION SERVICES, MARY ANN GANTNER, DISTRICT DIRECTOR, NEW YORK DISTRICT OFFICE

**COMPLAINT IN AN ACTION FOR WRIT OF MANDAMUS**



                              Defendants.
-------------------------------------------------------------------- x

SHINDER, ALEKSANDR, through his attorney, ALBERT FEINSTEIN, alleges the following:

1. This action is brought against on the ground that Defendants had (i) a non-discretionary duty to compel an action on the filed application for an adjustment to lawful permanent resident status properly filed by the Plaintiff, and (ii) Defendants unreasonably delayed in acting on that duty. The application was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on the application to Plaintiff's detriment. This complaint and petition for mandamus to force the defendants to adjudicate the petition filed by Plaintiff on April 8, 2002.

## PARTIES

2. Plaintiff SHINDER ALEKSANDR, born on July 8, 1968, Alien number 71361411, is a 38 year old citizen of Ukraine who became paroled into the U.S. as a refugee on March 29, 2001. More than five (5) years ago, he file the application for an adjustment to lawful permanent resident status (form I-485), and more than (1) year after the interview, yet Defendants have not adjudicated the Plaintiff's I-485 application.

3. Defendant Michael Chertoff is the Secretary of the U.S. Department of Homeland Security ("DHS"), and this action is brought against him in his official capacity. Under the Homeland Security Act of 2002, the U.S. Citizenship & Immigration Services ("USCIS") became a part of DHS.

4. Defendant, ALBERTO GONZALEZ is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act ("INA"), and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 U.S.C. § 1103(a). More specifically, the Attorney General is responsible for the adjudication of applications for adjustment of status filed pursuant to §245 of the INA, 8 U.S.C. § 1255.

5. Defendant EMILIO GONZALEZ is the Director of USCIS and an official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here. 8 CFR § 103.1(g) (2) (ii) (B).

6. Defendant MARY ANN GANTNER is the District Director generally charged with supervisory authority over all operations of within their District with certain specific exceptions not relevant here. Defendant is the principal official at the

"USCIS" New York District Office with whom the subject application for lawful permanent resident status is believed to be pending.

## JURISDICTION

7. Jurisdiction in this case is proper under 28 U.S.C. § 1361 (Mandamus), 28 U.S.C. § 1331 (Fed. Question), and 5 U.S.C. § 701 et seq., 5 U.S.C. §§ 555(b) and 706(1) (APA).

## VENUE

8. Venue is proper in this court, pursuant to 28 USC § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where Plaintiff resides, and in which substantial part of the events or omissions giving rise to the claim occurred. More specifically, Plaintiff's application for lawful permanent resident status was properly filed and, to Plaintiffs' knowledge, remains pending with the USCIS New York District office.

## EXHAUSTION OF REMEDIES

9. Plaintiff has exhausted his administrative remedies. Plaintiff has, on his own and through his attorney, written letters, made numerous phone calls and inquiries to USCIS and New York District Office. On several occasions Plaintiff made personal appearance at the New York District Office, concerning the status of the filled application. And, yet all the attempts were always reduced to vague and groundless answers on the part government administrative workers and officials.

## CAUSE OF ACTION

10. On or about April 30, 2002, one (1) year after Plaintiff's admission as a refugee the United States, Plaintiff filed the Application for an Adjustment of Status (form I-485) to determine his admissibility under the Immigration and Nationality Act ("INA"). Approval of this petition is essential for Plaintiff in

3

order to maintain his continuous legal status, as well as to enjoy all benefits of being a legal permanent resident, to which he is lawfully entitled to. Furthermore, Plaintiff intends to obtain American citizenship and the approval of this petition is a prerequisite to such petition.

11. On May 8, 2006, after countless requests and complaints made with USCIS, Plaintiff was invited for the interview to grant such date to Plaintiff. Yet again, after the interview the Plaintiff's application still was not adjudicated.

12. Plaintiff's application for adjustment of status has now remained not adjudicated for a period of than five (5) years substantially beyond all applicable processing times and delays. According to USCIS's list of processing times, as of May 21, 2007, USCIS New York District Office is processing adjustment application filed on or before August 13, 2006.

13. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to, adjudicate Plaintiff's application for over 5 years, thereby depriving him of the right to a decision on his status and the peace of mind to which Plaintiff is entitled. Moreover, every single time Plaintiff arrives on the territory of the U.S., he instantly becomes a subject of Department of Homeland Security agencies' groundless inspections and countless questions on the nature of the alien's trips outside of the U.S. and the alien's business. The actions described above can be construed as a clear prejudice against Plaintiff.

14. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements. To date, said application has not been yet adjudicated. Moreover, defendants do not point to a single action taken during that period of time to further the processing of petitioner's application

or a reason why petitioner's application is particularly troublesome. Defendants actions are evidently contrary to the "reasonable time" frame mandated under 5 U.S.C. 555(b) and, ultimately, could negate the USCIS's duty under 8 C.F.R. 245.2(a)(5). Thus, a five (5) year delay in the adjudication of the petitioner's application is clearly unreasonable as a matter of law.

15. Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law. Specifically, Plaintiff is very restricted in his ability to travel outside of the United States. Plaintiff has further been damaged by simply being deprived of the status of lawful permanent resident during the interminable pendency of his application.

16. Plaintiff has made numerous status inquiries in an attempt to secure adjudication of the applications, all to no avail. In addition, on several occasions, the attorney for Plaintiff has personally appeared before the immigration officers at the USCIS New York's District Office, inquiring about the application and requesting the adjudication. The USCIS officers have indicated that the Plaintiff's file is "lying somewhere in the building" and that "it is presently not accessible." Accordingly, Plaintiff has no choice but to pursue the instant action.

Wherefore, Plaintiff kindly requests the Court to issue the writ of mandamus directing the said Defendants to adjudicate the Plaintiff's application for adjustment of status.

Dated:   June 7, 2007                By: _____
         New York, New York          Albert Feinstein, Esq.
                                     AF5991
                                     Counsel for Plaintiff
                                     Law Offices of Albert Feinstein
                                     303 Fifth Avenue, Suite 1807
                                     New York, New York 10016
                                     Tel:  (212) 224-0224

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

SHINDER, ALEKSANDR

                                                  Plaintiff,

— against —

MICHAEL CHERTOFF, SECRETARY OF U.S, DEPARTMENT OF HOMELAND SECURITY, ALBERTO GONZALEZ, U.S. ATTORNEY GENERAL, EMILIO GONZALEZ, DIRECTOR OF U.S. CITIZENSHIP & IMMIGRATION SERVICES, MARY ANN GANTNER, DISTRICT DIRECTOR, NEW YORK DISTRICT OFFICE

                                                  Defendants.

**COMPLAINT IN AN ACTION FOR WRIT OF MANDAMUS**

Law Offices of Albert Feinstein
Albert Feinstein, Esq. (AF5591)
Counsel for Plaintiff
303 Fifth Avenue, Suite 1807
New York, New York 10017
Tel: (212) 224-0224

U.S. Department of Justice
Immigration and Naturalization Service

# Notice of Action

## THE UNITED STATES OF AMERICA

| | |
|---|---|
| **RECEIPT NUMBER** LIN-02-173-50891 | **CASE TYPE** I485 APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
| **RECEIVED DATE** April 8, 2002 | **PRIORITY DATE** |
| **APPLICANT** A71 361 411 SHINDER, ALEKSANDR | |
| **NOTICE DATE** April 30, 2002 | **PAGE** 1 of 1 |

ALEKSANDR SHINDER
1854 OCEAN AVE APT 8D
BROOKLYN NY 11230

Notice Type: Receipt Notice

Amount received: $ 50.00

Section: Other basis for adjustment

The above application or petition has been received. It usually takes 300 to 330 days from the date of this receipt for us to process this type of case. Please notify us immediately if any of the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case. You can also use the phone number 402-423-7830 to obtain case status information directly from our automated system 24 hours a day with a touch tone phone and the receipt number for this case (at the top of this notice).

If you have other questions about possible immigration benefits and services, filing information, or Immigration and Naturalization Service forms, please call the INS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call our TDD at **1-800-767-1833**.

If you have access to the Internet, you can also visit the INS at **www.ins.usdoj.gov**. Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits. At present, this site does not provide case status information.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
NEBRASKA SERVICE CENTER
U. S. IMMIG. & NATZ. SERVICE
P.O. BOX 82521
LINCOLN NE 68501-2521
**Customer Service Telephone: 402-323-7830**

